UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVIE ALLAN WEST,

      Plaintiff,

      v.                                                   Case No. 17-C-1228

CAPTAIN CHRISTIE,

      Defendant.

## DECISION AND ORDER

Plaintiff Stevie Allan West filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendant Captain Todd Christie of the Winnebago County Sheriff's Office violated his civil rights by placing him in an administrative step program without a hearing and retaliated against him for filing an inmate grievance. Presently before the court is Christie's motion for summary judgment. West did not file a brief in response to the motion for summary judgment but filed a declaration reiterating that he was placed in an administrative step program without an administrative hearing because he filed an inmate grievance. For the following reasons, Christie's motion will be granted and the case will be dismissed.

## BACKGROUND

Because West did not respond to Christie's proposed findings of fact (ECF No. 38), they are deemed admitted for the purposes of summary judgment. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); Civil L.R. 56(b)(4) ("The Court will deem uncontroverted statements of material fact admitted solely for the purpose of deciding summary judgment.").

West was originally booked into the Winnebago County Jail on December 30, 2016, after being charged with battery while housed at the Winnebago Mental Health Institute. From September 19, 2017, to October 6, 2017, West was incarcerated in administrative confinement. The Winnebago County Jail, on occasion, houses inmates in administrative confinement for management purposes when the inmate's behavior constitutes a threat to the safety of the inmate, the safety of other inmates, or the safety of jail employees. Administrative confinement is not a punishment but is used when an inmate's behavior requires close monitoring. Defendant Christie reviews all decisions to house inmates in administrative confinement for management reasons.

West was incarcerated in administrative confinement for management purposes due to his repeated and recurrent disturbances caused by West which threatened the safety and health of jail inmates, jail staff, and other Winnebago County employees, as well as the orderly operation of the Jail. The decision to house West in administrative confinement was reviewed and approved by the State of Wisconsin Department of Corrections. Jail records relating to West's incarceration reveal that West was housed in administrative confinement on the following dates, for the following reasons. On September 13, 2017, West ripped up his uniform top and ripped open his mattress and pulled out the stuffing. Less than one hour later, he ripped the cover of his new mattress and ripped up his sheets. Later that day, West received a notice of the alleged misconduct, charging him with tampering with, damaging, or defacing county property. On September 14, 2017, the Jail conducted a disciplinary hearing, and found West guilty by acceptance of discipline. West received ten days in disciplinary segregation.

On September 18, 2017, West threw urine at staff; broke a sprinkler head; smeared feces on his arms, face, hair, cell window, and walls; and hit the larger window by the door, which resulted in the window cracking and shattering. The next day, he received a notice of the alleged

2

misconduct, charging him with throwing, smearing, or the inappropriate intentional misplacement of any biohazard substance. West indicated on the notice that he did not wish to have a formal disciplinary hearing and consented to the disposition of the matter set forth by the jail administrator. He received ten days of disciplinary segregation but was allowed to keep his items and could request a shower when offered. That same day, September 19, 2017, West was placed in the administrative step program to improve his behavior while he remained in administrative confinement. Under the program, West could earn back his individual items and other privileges offered to jail inmates in exchange for better behavior.

On September 24, 2017, West covered his cell window with a substance and paper, placed wet wood chips in front of his door, placed a red uniform around his neck, and knelt to the floor. On September 28, 2017, he threatened and attempted to hang himself and smeared feces on his tray-pass and cell windows. On October 2, 2017, he cracked and damaged his cell window, and on October 6, 2017, he shorted the electric lock to his door with a liquid substance, which caused the door to open. The record suggests that West was not housed in administrative confinement after October 6, 2017.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party has the burden of showing that there are no facts to support the nonmoving party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for

trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "Material" means that the factual dispute must be outcome-determinative under the law. *Contreras v. City of Chicago*, 119 F.3d 1286, 1291 (7th Cir. 1997). A "genuine" issue must have specific and sufficient evidence that, were a jury to believe it, would support a verdict in the nonmoving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "The moving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotation marks omitted).

## ANALYSIS

The Fourteenth Amendment's Due Process Clause protects persons "against deprivations of life, liberty, or property; and those who seek to invoke its procedural protections must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "A pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less." *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002) (citing *Rapier v. Harris*, 172 F.3d 999, 1004–05 (7th Cir. 1999); *Mitchell v. Dupnik*, 75 F.3d 517, 524–25 (9th Cir. 1996)). No process is required, however, if the inmate is placed in segregation not as punishment but for managerial reasons. *Id.*; *see also Zarnes v. Rhodes*, 64 F.3d 285, 291 n.5 (7th Cir. 1995) (declining to find that placing a pretrial detainee in administrative segregation constitutes punishment in every instance). In other words, so long as the purpose of the administrative confinement is preventive rather than punitive, an inmate is not entitled to notice and a hearing. *Higgs*, 286 F.3d at 438 (citing *Swofford v. Mandrell*, 969 F.2d

547, 549–50 (7th Cir. 1992)). In this case, West has presented no evidence to contradict Christie's showing that West's placement in administrative confinement was nonpunitive and implemented for the purposes of protecting the health and safety of West, jail staff, and other inmates. In addition, West has not established that his conditions of confinement while he was housed in administrative confinement were unusually harsh. *See Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697–98 (7th Cir. 2009) ("[A] liberty interest *may* arise if the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh."). Accordingly, West was not entitled to a hearing regarding his administrative confinement placement, and Christie is entitled to summary judgment on West's due process claim.

West also alleges that Christie retaliated against him for filing an inmate complaint. West filed an inmate grievance complaining about being unable to obtain case law on September 16, 2017. The following day, the Jail issued West a copy of the administrative step program, and West was placed on the first step of the program. West claims Christie placed him the administrative step program for filing the inmate complaint. In order to succeed on a claim of retaliation, West must show that he engaged in activity protected by the First Amendment, he suffered a deprivation that would likely deter First Amendment activity in the future, and the First Amendment activity was at least a motivating factor in Christie's decision to take retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). West's claim fails because he has not established that he suffered a deprivation caused by the protected activity. The evidence in the record shows that West was placed in administrative confinement and was offered to be a participant in the step program to earn his individual items and privileges based on good behavior before he filed his grievance. It thus follows that the complaint was not a motivating factor in

Christie's decision to place West in the administrative program. Accordingly, summary judgment on West's retaliation claim is appropriate.

## CONCLUSION

For these reasons, Christie's motion for summary judgment (ECF No. 35) is **GRANTED** and the case is dismissed. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 29th day of January, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court